IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KATRENA L. SCOTT                                                    PLAINTIFF

vs.                              Civil No. 5:07-cv-05168

MICHAEL J. ASTRUE                                                   DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Katrena L. Scott ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any

and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment,

and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. __Background:__

Plaintiff protectively filed her applications for DIB and SSI on April 25, 2005.  (Tr. 15, 59-

61, 64-75, 292-297).  Plaintiff alleged she was disabled due to obesity; patellofemoral syndrome;

degenerative disc disease; major depression disorder; chronic fatigue; joint pain and arthritis; knee,

back, neck and head pain; sleep deprivation; and severe temporomandibular joint dysfunction.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

17, 67, 73, 80, 84, 101, 110, 118, 350).  Plaintiff alleged an onset date of August 15, 2004.  (Tr. 59, 292).  These applications were initially denied on August 1, 2005 and were denied again on reconsideration on November 10, 2005.  (Tr. 38-39, 298-304).

On December 5, 2005, Plaintiff requested an administrative hearing on her applications.  (Tr. 36).  This hearing was held on December 13, 2006 in Fayetteville, Arkansas.  (Tr. 321-370).  Plaintiff was present and was represented by counsel, Ashley Hunt, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Sarah Moore testified at this hearing.  *See id.*  On the date of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED.  (Tr. 326-327).  Plaintiff had also received training to be a dental assistant.  (Tr. 327).

On March 28, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI and DIB.  (Tr. 15-23).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act on December 13, 2006. (Tr. 17, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 15, 2004, her alleged onset date.  (Tr. 17, Finding 2).  The ALJ determined Plaintiff had "the following severe impairments: mild degenerative disc disease (DDD) at L3-4; patellofemoral symptom/syndrome; obesity; and major depressive disorder."  (Tr. 17-18, Finding 3).  The ALJ also found, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 18-21).  At the administrative hearing, Plaintiff claimed

2

she was obese (Tr. 351), she could only sit for approximately five minutes before her back started to hurt (Tr. 352), she could only stand for approximately ten minutes before she had to sit back down because her knees hurt (Tr. 352), and she was not able to "walk very far" due to her knee problem. (Tr. 352).  She claimed she could not squat and could not bend very far over.  (Tr. 353).  Plaintiff also claimed she suffered from depression and was being seen at the Ozark Guidance Center for this problem.  (Tr. 359).  She claimed she had difficulty handling stress, and she did not like to be around people.  (Tr. 361-362).

The ALJ evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929.  (Tr. 19-21).  After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's alleged limitations for sitting, standing, and walking appeared to be exaggerated, considering the fact that Plaintiff never required aggressive treatment for her back or knee condition; (2) Plaintiff's alleged disabling pain in her back and knees appeared to be exaggerated because the objective medical evidence only showed mild DDD in her back, and the x-ray of her knee was normal; (3) Plaintiff had only taken Ibuprofen to treat her alleged pain, and she had not used either physical therapy or pain management; and (4) Plaintiff's extensive daily activities did not support her alleged restrictions due to her claimed physical and mental limitations.  (Tr. 19-20).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 18-21, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally,

3

lift and carry less than 10 pounds frequently, sit at least 6 hours in an 8-hour work day, stand/walk about 2 hours in an 8-hour work day, and perform work which does not require climbing of scaffolds, ladders, or ropes or exposure to unprotected heights or dangerous equipment/machinery due to knee pain.  Claimant can engage in occasional climbing of stairs or ramps, stooping, bending, crouching, crawling, kneeling, or balancing.  Claimant can perform work which is non-complex, has simple instructions with few variables, little judgment, can be learned by rote and which allows for superficial contact incidental to work with the public and co-workers, and which allows for concrete, direct, and specific supervision.

(Tr. 18-19, Finding 5).  *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined that Plaintiff had no Past Relevant Work ("PRW") but could perform other work existing in significant numbers in the national economy.  (Tr. 21-22, Findings 6, 10).  First, the ALJ determined that Plaintiff had not engaged in any work activity at a level to be considered SGA during the past fifteen years, and, therefore, had no vocationally relevant past work.  (Tr. 21, Finding 6).  Second, the ALJ heard testimony from the VE and found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  (Tr. 21-22, Finding 10).  Specifically, the VE testified that Plaintiff could work as a machine tender worker (sedentary, unskilled work) with 5,500 such jobs in Arkansas and 175,000 in the nation and as an assembly worker (sedentary, unskilled work) with 1,500 such jobs in Arkansas and 106,000 in the nation.  (Tr. 22, 364-365).  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from August 15, 2004 through the date of the ALJ's decision.  (Tr. 22, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 10).  On July 26, 2007, the Appeals Council declined to review this determination.  (Tr. 4-6).  *See* 20 C.F.R. § 404.984(b)(2).  On September 28, 2007, Plaintiff filed the present appeal.  (Doc. No. 1).  The parties consented to the jurisdiction of this Court on October 29, 2007.  (Doc. No. 4).  Both

parties have filed appeal briefs.  (Doc. Nos. 7-8).  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

5

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

## 3. <u>Discussion:</u>

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred by failing to consider Plaintiff's impairments in combination; (B) the ALJ erred in evaluating Plaintiff's subjective complaints; and (C) the ALJ erred in evaluating Plaintiff's RFC.  In response to Plaintiff's arguments, Defendant claims the ALJ's disability determination is supported by substantial evidence in the record.  (Doc. No. 8, Pages 3-9).  Specifically, Defendant claims the ALJ properly considered Plaintiff's complaints of pain and her credibility in determining she was not disabled.  *See id.* Defendant also claims the ALJ properly considered Plaintiff's limitations in determining her RFC and properly relied upon expert testimony in finding Plaintiff was not disabled.  *See id.*  This Court

will address each of Plaintiff's arguments.

### A. Plaintiff's Impairments in Combination

Plaintiff claims the ALJ erred by failing to consider her impairments in combination.  (Doc. No. 7, Pages 16-17).  Specifically, Plaintiff claims the "ALJ also neglected to discuss or even consider Ms. Scott's diagnosed temporomandibular joint pain ["TMJ"], dysthymic disorder, or borderline personality disorder." *Id.* at 16.  In response, Defendant claims that these issues were not fully addressed because they were not supported by the medical evidence in the record.  (Doc. No. 8, Pages 3-4).  Defendant claims that "[p]roof of a disabling impairment must be supported by at least some medical evidence." *See id.*  Defendant claims that because these claimed impairments were not supported by the medical evidence, the ALJ was not required to further examine these claimed impairments.

Under the facts in the present case, this Court finds the ALJ properly considered Plaintiff's impairments in combination.  The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2008).  In the present action, in reviewing these claimed impairments, the ALJ found that Plaintiff did not have "an impairment or *combination of impairments* that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  (Tr. 18, Finding 4) (emphasis added).  The ALJ also noted the following: "After considering the evidence of record, the undersigned finds that the claimant's medically determinable *impairments* could reasonably be expected to produce the alleged symptoms . . ."  (Tr. 20) (emphases added).  These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's

impairments.  *See Hajek v. Shalala,* 30 F.3d 89,  92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's  *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination.   Plaintiff has alleged that she suffers from a number of impairments.  (Doc. No. 7, Page 3).  However, this Court is not required to find a plaintiff is disabled simply because he or she has alleged a long list of medical problems.  The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments, and the ALJ properly considered the severity of the combination of the Plaintiff's impairments.  *See Hajek,* 30 F.3d at 92.

Furthermore, despite her complaints that the ALJ did not properly consider all of her impairments, Plaintiff *did not claim she was disabled* due to dysthmic disorder, borderline personality disorder, or the side effects of her medication.  (Doc. No. 7, Page 3).  Therefore, the ALJ was not required to address these claimed impairments in her opinion.  *See Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996) (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993) and holding that "the administrative law judge is under no 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for  disability'").  As for Plaintiff's claims regarding her TMJ, the ALJ was not required to explicitly discuss *every* claimed impairment in her opinion in order for that opinion to be supported by substantial evidence.

8

**B. ALJ's Credibility Analysis**

Plaintiff claims the ALJ erred by discounting her subjective complaints.  (Doc. No. 7, Pages 17-19).  Plaintiff claims her subjective complaints were well-supported by the record and that the ALJ should have assigned more weight to those complaints.  *See id.*  Plaintiff also claims that the ALJ's analysis was "in blatant violation of *Polaski v. Heckler*" and that the ALJ erred by making no mention of *Polaski* in her opinion.  *See id.* at 18.  In response, Defendant argues that the ALJ did provide an explanation of her credibility determination and properly applied the *Polaski* factors. (Doc. No. 8, Page 5).  Defendant argues that the ALJ's credibility determination is supported by the objective medical evidence and that "there is nothing in the record to suggest that Plaintiff was as limited as her testimony would suggest."  *See id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) **or** from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

9

969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ analyzed Plaintiff's subjective complaints pursuant to the factors in 20 C.F.R. § 416.929.  After her review of these factors, she determined Plaintiff's subjective complaints were not credible to the extent she alleged.  Specifically, she based this determination upon the following four findings: (1) Plaintiff's alleged limitations for sitting, standing, and walking appeared to be exaggerated, considering the fact that Plaintiff never required aggressive treatment for her back or knee condition; (2) Plaintiff's alleged disabling pain in her back and knees appeared to be exaggerated because the objective medical evidence only showed mild DDD in her back, and the x-rays of her knees were normal; (3) Plaintiff had only taken Ibuprofen to treat her alleged pain, and she had not used either physical therapy or pain management; and (4)

10

Plaintiff's extensive daily activities did not support her alleged restrictions due to her claimed physical and mental limitations.  (Tr. 19-20).

This Court finds the ALJ's credibility determination is supported by several valid findings and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  This Court finds it especially noteworthy that the ALJ fully evaluated Plaintiff's alleged limitations in her ability to sit and stand.  (Tr. 20).  At the administrative hearing, Plaintiff claimed she could only sit for five minutes before having to stand or change positions and could only stand for ten minutes before having to sit.  *See id.*  With such extreme limitations, Plaintiff would be forced, within a fifteen minute time period, to alternate between sitting, standing, and changing positions.  Assuming she would be required to alternate in her positions throughout the day, she would be forced to alternate between sitting, standing, and changing positions *thirty-two times every eight hours,* which would be a nearly impossible task.  As the ALJ noted, if Plaintiff's limitations were *this extreme,* Plaintiff surely would have sought some type of aggressive treatment for her back and knee pain.  (Tr. 20).  However, there is no record of such aggressive treatment.  As such, based upon her review of this factor and others, the ALJ was not required to accept Plaintiff's claim of extreme limitations.

Furthermore, despite Plaintiff's argument to the contrary, the ALJ is *not required* to cite to *Polaski* when analyzing a claimant's subjective complaints of disabling pain or other limitations.  *See Shultz,* 479 F.3d at 983.  The Eighth Circuit has specifically held that as long as the ALJ considers the factors in 20 C.F.R. § 404.1529 or 416.929 and supports his or her decision by several valid findings, the ALJ's credibility determination should be affirmed.  *See id.* (stating, "[w]e conclude the ALJ adequately, if not expressly, applied the *Polaski* factors and discounted Schultz's subjective complaints of pain").  The ALJ in the present action properly considered the factors from 20 C.F.R. § 404.1529 and 416.929.  (Tr. 19).  Based upon the Eighth Circuit's decision in *Schultz,*

11

this Court finds the ALJ's analysis was sufficient and should be affirmed.

### C. RFC Determination

Plaintiff claims the ALJ erred in determining Plaintiff retained the RFC for sedentary work. (Doc. No. 8, Pages 19-20).  Specifically, Plaintiff claims that she cannot perform sedentary work because she is unable to function on a "regular and sustained basis."  *See id.*  Plaintiff claims the ALJ improperly disregarded her testimony regarding her subjective complaints of pain and fatigue, the opinions of her treating physicians, and the testimony of the vocational expert regarding her ability to perform work existing in significant numbers in the national economy.  *See id.*

In response, Defendant argues that the ALJ properly determined Plaintiff's RFC.  (Doc. No. 9, Pages 6-9).  He argues that, in evaluating Plaintiff's RFC, the ALJ "utilized medical records, hearing testimony, and other reports of Plaintiff."  *See id.*  He also argues that, after evaluating his RFC, the ALJ then properly posed a hypothetical to the VE that included all Plaintiff's impairments that she found credible.  *See id.*  He argues that the VE's response to this properly-phrased hypothetical provides substantial evidence supporting the ALJ's disability determination.  *See id.* This Court will address each of Plaintiff's arguments.

First, Plaintiff argues that the ALJ erred in evaluating her RFC by disregarding her subjective complaints of disabling pain and fatigue.  (Doc. No. 8, Pages 19-20).  As noted above, this Court has found that the ALJ's credibility determination was supported by substantial evidence and should be affirmed.  Therefore, this Court will not address this issue for a second time.

Second, Plaintiff claims the ALJ erred by disregarding the findings of her treating physicians. *See id.*  In her briefing, Plaintiff did not reference any specific findings from any of her treating physicians that support her claim.  *See id.*  Because Plaintiff has not provided any briefing to support

12

her claim, this Court is not required to address this argument. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" the plaintiff's contention that the ALJ failed to consider whether he met Listings 12.02 or 12.05C because the plaintiff provided "no analysis of the relevant law or facts regarding these listings"). However, nevertheless, this Court will still address this claim and her impairments. As noted above, Plaintiff claims she suffers from obesity, patellofemoral syndrome, degenerative disc disease, major depression disorder, chronic fatigue, joint pain and arthritis, knee, back, neck and head pain, sleep deprivation, and severe temporomandibular joint dysfunction. (Tr. 17, 67, 73, 80, 84, 101, 110, 118, 350). This Court will address each of these claimed impairments in order.

### 1. Obesity

Plaintiff's medical records indicate that she suffers from obesity. (Tr. 120, 140, 173). However, there is no medical record indicating that *any doctor* placed *any restrictions* on Plaintiff's ability to perform SGA due to her obesity. (Tr. 120-320). The ALJ discussed Plaintiff's obesity in her opinion (Tr. 20-21), and Plaintiff has pointed to no evidence contradicting the ALJ's findings regarding these limitations. (Doc. No. 7). Accordingly, this Court finds the ALJ did not err in evaluating Plaintiff's obesity.

### 2. Patellofemoral Syndrome

Plaintiff's medical records indicate that she suffers from patellofemoral syndrome. (Tr. 173). However, as of June 14, 2005, Dr. Kevin Richter, M.D. found that Plaintiff's symptoms of patellofemoral syndrome were stable. *See id.* This record from Dr. Richter is the only record included in the transcript that is related to her patellofemoral syndrome. (Tr. 120-320). Plaintiff has pointed to no evidence in the record contradicting Dr. Richter's or the ALJ's findings regarding her

13

patellofemoral syndrome.  (Doc. No. 7).  Accordingly, this Court finds the ALJ did not err in

evaluating Plaintiff's alleged patellofemoral syndrome.

### 3. Back Pain/Degenerative Disc Disease

On July 28, 2004, Plaintiff was examined by Dr. Jennifer Bingham, M.D. who performed an

MRI of her lumbar spine.  (Tr. 123-124).  Dr. Bingham only found Plaintiff suffered from "*[m]ild*

lower lumbar degenerative disc disease, limited to disc desiccation.[3]" (Tr. 123) (emphasis added).

Dr. Bingham also noted that "[t]here is no fracture, subluxation[4]  or other acute abnormality" in her

lumbar spine.  (Tr. 123-124).  Plaintiff points to no record evidence contradicting Dr. Bingham's or

the ALJ's findings regarding her DDD.  (Doc. No. 7).  Accordingly, this Court finds the ALJ did not

err in evaluating Plaintiff's alleged DDD.

### 4. Major Depression Disorder

Plaintiff's medical records indicate that she suffers from major depressive disorder.  (Tr.

173).  However, as of June 14, 2005, Plaintiff's major depressive disorder was apparently being

treated, and was well-controlled, with medication.  *See id.*  Dr. Kevin Richter, M.D. stated the

following: "Patient is currently taken Cymbalta 60 mg daily, which is controlling her depression

well."  *See id.*  On May 1, 2007, Dr. Robert S. Demski, M.D. reported that Plaintiff was "sleeping

better, not as depressed" and directed that her medication be continued.  (Tr. 313).

The only other medical records included in the transcript that indicate that Plaintiff's

depression may not be well-controlled with medication are records from licensed clinical social

---

[3] "Desiccate" is defined as "[t]o dry thoroughly; to render free from moisture."  *PDR Medical Dictionary* 522 (3rd ed. 2006).

[4] "Subluxation" is defined as "[a]n incomplete luxation or dislocation; although a relationship is altered, contact between joint surfaces remains."  *See id.* at 1856.

14

workers and licensed professional counselors.[5]  (Tr. 188-192, 228-238, 277-290, 306-308, 311-312, 314-320).  Such sources are not acceptable sources for establishing a medically determinable impairment.  *See* 20 C.F.R. § 404.1513(a) (stating that only licensed and certified psychologists are "acceptable medical sources to establish whether you [the claimant] have a medically determinable impairment(s)").  Based upon these medical records, this Court finds that Plaintiff has not established her major depression disorder is disabling.

### 5. Chronic Fatigue

Plaintiff has offered no medical records establishing that she suffers from chronic fatigue syndrome.  Her claims of this disabling impairment are apparently based entirely upon her subjective complaints.  This Court has already reviewed the ALJ's credibility determination and has affirmed that determination.  Therefore, this Court will not address this issue again.

### 6. Joint Pain and Arthritis

Plaintiff has offered no medical records establishing that she suffers from joint pain and arthritis.  Her claims of this disabling impairment are apparently based entirely upon her subjective complaints.  This Court has already reviewed the ALJ's credibility determination and has affirmed that determination.  Therefore, this Court will not address this issue again.

### 7. Knee, Neck, and Head Pain

On July 28, 2004, Plaintiff was examined by Dr. Bingham.  (Tr. 124).  Plaintiff complained of pain in her pelvis, hip, and knee, and Dr. Bingham ordered an x-ray of Plaintiff's pelvis, right hip,

---

[5] Plaintiff also submitted a one-page "To Whom It May Concern" letter from a psychiatrist to support her claim that she is disabled.  (Tr. 309).  However, such a conclusory opinion *with absolutely no factual basis to support* the conclusion does not provide sufficient evidence to establish a disability.  *See Davis v. Barnhart*, 197 Fed. Appx. 521, 522 (8th Cir. 2006) (unpublished) (holding that a "To Whom It May Concern" letter stating that Plaintiff had "numerous medical problems" did not mandate a finding of disability).

and right knee to determine whether she had an observable problems in those areas. (Tr. 124).  After this examination and based upon the x-ray results, Dr. Bingham determined Plaintiff had a normal right knee, and reported no other problems with Plaintiff's knee.  (Tr. 124).  These findings do not support Plaintiff's subjective complaints of disabling knee pain.  Furthermore, on June 14, 2005, Dr. Richter noted that Plaintiff had been taking Cymbalta which helped with Plaintiff's "knee pain considerably."  (Tr. 173).

This ALJ's credibility determination is supported by substantial evidence, and Plaintiff has offered no evidence contradicting Dr. Bingham's or the ALJ's findings regarding her knee.  (Doc. No. 7).  Furthermore, Plaintiff has offered no evidence establishing she is disabled due to her  neck and head pain, and this Court has found no medical evidence in support of those claims.  Accordingly, this Court finds the ALJ did not err in evaluating Plaintiff's alleged knee, neck, and head pain.

### 8. Sleep Deprivation

Plaintiff has offered no medical records establishing that she suffers from sleep deprivation, apart from the fact that she is taking medication for her sleep deprivation.  (Tr. 73).  Her claims of this disabling impairment are apparently based entirely upon her subjective complaints.  This Court has already reviewed the ALJ's credibility determination and has affirmed that determination.  Therefore, this Court will not address this issue again.

### 9. Severe Temporomandibular Joint Dysfunction

On April 1, 2005, Plaintiff was admitted to the emergency room department of the NW Medical Center of Washington County for complaints of a locked jaw on the right side of her face.  (Tr. 153-160).  The physician treating Plaintiff during this admission ordered x-rays of Plaintiff's

jaw and found no abnormalities in the results.  *See id.*  This physician, however, also noted that the views were incomplete.  *See id.*  Specifically, he noted the following: "Incomplete study.  No abnormality is demonstrated on these views, but true TMJ views were not accomplished.  Our day crew may know how to perform them should the patient be able to return for additional views." (Tr. 158).

There is no record in the transcript that Plaintiff ever sought to have additional views taken. (Tr. 120-320).  Plaintiff has the responsibility of seeking such follow-up treatment, and her failure to seek such follow-up treatment indicates that her condition may not be as serious as she claims. *See Wagner v. Astrue,* 499 F.3d 842, 853 (8th Cir. 2007) (stating, "[a]s we noted in *Singh,* the ALJ could discredit Wagner's subjective complaints of pain based on Dr. Cromer's observations and evidence that Wagner received minimal medical treatment for some of his alleged disabling conditions and has failed to take pain medications for such conditions.").  Plaintiff also has the burden of establishing that she is disabled.  *See Cox,* 160 F.3d at 1206.  Without more, Plaintiff cannot meet this burden and cannot establish that she is disabled due to a TMJ.  Because Plaintiff has not met her burden, and because the ALJ's disability determination is otherwise supported by substantial evidence in the record, this Court affirms the ALJ's determination regarding Plaintiff's TMJ.

Finally, Plaintiff argues that the ALJ erred by relying upon the VE's responses to the ALJ's hypothetical questions.  (Doc. No. 8, Pages 18-20).  However, as noted by Defendant, a vocational expert's testimony in response to a properly-posed hypothetical question is substantial evidence in support of an ALJ's disability determination when the hypothetical sets forth the credible impairments with reasonable precision.  *See Starr v. Sullivan,* 981 F.2d 1006, 1008 (8th Cir. 1992) (holding that a "vocational expert's response to a hypothetical question provides substantial evidence

where the hypothetical question sets forth with reasonable precision the claimant's impairments"). Because the ALJ properly posed her hypothetical questions to the VE, the VE's responses provide substantial evidence supporting her disability determination.[6]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of September, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[6] Plaintiff claims the ALJ erred by failing to include Plaintiff's limitations resulting from her GAF score of 48.  (Tr. 365-370).  Plaintiff was assigned this GAF score by a licensed professional counselor, Mr. David E. Montgomery.  (Tr. 236).  As noted above, this score cannot be used to establish Plaintiff's disability.  *See* 20 C.F.R. § 404.1513(a).  Accordingly, the ALJ was not required to accept this score in evaluating Plaintiff's disability.

18